# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Beverly Johnson<br>5960 Buzzell Rd.<br>Gladwin, MI 48624<br><br>      Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>1300 E. 9th St.<br>Cleveland, OH 44114<br><br>      Defendant. | CASE NO.:<br><br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5) ("the Debt").

4. Defendant is either the holder of the Debt or was retained by the current holder to collect the Debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 21, 2008, Defendant telephoned Plaintiff in an effort to collect the Debt.

8. During this communication, Defendant identified itself as an asset investigator and failed to identify itself as a debt collector.

9. During this communication, Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not contact Defendant by July 25, 2008 and provided Plaintiff with what Defendant purported to be a "case number".

10. On or around July 22, 2008, Defendant telephoned Plaintiff's daughter ("Christine") in an effort to collect the Debt.

11. During this communication, Defendant told Christine that Defendant was planning to file a lawsuit against Plaintiff in Gladwin County and provided Christine with the same "case number" referenced above.

12. During this communication, Defendant warned Christine that Defendant would file the lawsuit unless Plaintiff telephoned Defendant about the Debt.

13. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. The Defendant violated 15 U.S.C. §1692d in that Defendant failed to meaningfully disclose its identity during telephone communications with Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed the existence, nature and/or amount of the Debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e in that Defendant failed to advise Plaintiff during verbal communications that Defendant was a debt collector.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant released information which was private to the Plaintiff and concerned Plaintiff's

    private life to Plaintiff's daughter.

29. The disclosure of Plaintiff's debt to this person is highly offensive.

30. The information disclosed is not of legitimate concern to the public.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15

        U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

        §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for Invasion

        of Privacy by Public Disclosure of a Private Fact.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:____/s/ Jeffrey S. Hyslip_____
    Jeffrey S. Hyslip
    Bar # 0079315
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  jsh@legalhelpers.com
    Attorneys for Plaintiff